UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HENRY TESSMER, JR., | No.  2:24-cv-1500 CSK P |
| Petitioner, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| STEVE SMITH, Acting Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2022 murder conviction.  On June 3, 2024, petitioner was directed to file, within thirty days, an amended petition raising only exhausted claims.  Mor than thirty days have passed, and petitioner has not filed an amended petition or otherwise responded to the Court's June 3, 2024 order.  Petitioner is ordered to show cause why the unexhausted ineffective assistance of counsel claim should not be stricken, and this action proceed on the remaining three claims that petitioner has exhausted.  In the alternative, petitioner may file a motion to stay this action while he returns to state court to exhaust the ineffective assistance of counsel claim.

<u>Background</u>

Petitioner raises four claims in his petition:  (1) There is no evidence of prior planning activity; (2) There is some evidence of motive; petitioner was provoked when the victim took a

1

swing at petitioner; (3) There is no evidence of a particular and exact means and manner of killing indicating a preconceived design; and (4) Ineffective assistance of counsel. (ECF No. 1.)

Petitioner did not raise his ineffective assistance of counsel claim (claim four) in the California Supreme Court. (ECF No. 1 at 12.) On June 3, 2024, the Court found petitioner failed to exhaust his ineffective assistance of counsel claim (claim four). (ECF No. 4.)

Discussion

Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982) (explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review). Petitioner may proceed on his exhausted claims by amending the petition to delete the unexhausted claim. See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[ ] the habeas petition to present only exhausted claims"); see also James v. Giles, 221 F.3d 1074, 1077-78 (9th Cir. 2000) (finding petitioner may delete his unexhausted claim from a mixed petition rather than suffering dismissal of the petition). Because petitioner failed to amend his petition, petitioner is directed to show cause why his unexhausted claim four should not be stricken from the petition.

In the alternative, petitioner may request the federal court place the federal habeas petition on hold while petitioner returns to state court in order to fully exhaust claim four. This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. If petitioner opts to file a motion for stay, petitioner should specify which type of stay he is seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th

Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Petitioner must address all three of these factors if requesting a Rhines stay. If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claims will be put on hold. No amended federal habeas petition would be required.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims. See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely. Demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1) (stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

Nothing in this order prevents petitioner from returning to state court while this case is pending. If the California Supreme Court issues a ruling on the ineffective assistance of counsel claim while this federal habeas case is pending, petitioner should file a "Notice of Exhaustion" in this Court along with a copy of the state court ruling.

Therefore, petitioner is ordered to show cause, within thirty days, why the unexhausted ineffective assistance of counsel claim should not be stricken, so that this action proceeds on the

remaining three claims that petitioner has exhausted.  In the alternative, petitioner may file a motion to stay this action while he returns to state court to exhaust the ineffective assistance of counsel claim.  Petitioner is cautioned that failure to respond to this order will result in an order striking claim four, and this action will proceed solely on petitioner's first three claims.

In accordance with the above, IT IS HEREBY ORDERED that petitioner is ordered to show cause, within thirty days from the date of this order, why this Court should not strike petitioner's fourth claim because it is unexhausted.  In the alternative, within thirty days from the date of this order, petitioner may file a motion to stay this action.

Dated:  August 6, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/tess1500.osc

4